

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **JASON PATTERSON,** ) | |
| **individually and as father and** ) | |
| **next friend of his minor daughter,** ) | |
| **Hollyn Elizabeth Patterson, a** ) | |
| **minor,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 1:20-CV-981** |
| ) | |
| **HAIER US APPLIANCE** ) | |
| **SOLUTIONS INC., d/b/a GE** ) | |
| **Appliances** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

A GE microwave allegedly injured Jason Patterson and his daughter Hollyn.

Patterson sued "General Electric Company" in state court. But Haier US Appliances

Solutions Inc., d/b/a as GE Appliances ("Haier") answered the complaint, instead of

General Electric Company. So Patterson amended his complaint to name Haier as

Defendant. Haier removed the case to this court 25 days later.

Patterson has moved to remand (doc. 7), arguing that Haier's 30-day window

to remove opened months earlier when Haier got a copy of the complaint against

General Electric. But the removal statutes only allow "the defendant" to file removal

notices, *see* 28 U.S.C. §§ 1441, 1446 (b), and Haier was not the defendant until

Patterson amended his complaint. Because Haier filed its Notice of Removal (doc. 1) within 30 days of becoming the defendant, Haier's notice was timely.

## Background

This case is more complicated than the introduction makes it seem. It involves a tale of mistaken identity, a nonparty masquerading as a Defendant, and a third-act lawyer swap—all playing out on a stage of unsettled law.

**A. Facts:** Patterson alleges that he was badly burned by frying oil. Patterson was grilling burgers outside and frying French fries inside on the stovetop. While Patterson was outside tending the burgers, the filter from his GE Spacemaker microwave fell into the fryer and ignited a grease fire. When Patterson came inside, he grabbed the frying pan with both hands and threw it to stop the fire. His hands were severely burned. According to the complaint, Patterson's young daughter was nearly burned and suffered emotional distress from being in the zone of danger.

**B. The First Complaint:** Patterson sued "General Electric Company" under state law in state court on March 12, 2020. Doc. 1-1. Patterson alleged that "General Electric Company (GE) is a corporation incorporated under the laws of New York State with its principal place of business in Massachusetts." *Id.* at 3. Patterson named no other defendant in this first complaint.

2

In the complaint, Patterson requested the circuit clerk issue a summons, plus a copy of the complaint and discovery requests, to "General Electric Company" by care of their registered agent CT Corporation System. Doc. 1-1 at 9. The clerk did so, and a CT agent signed the return card on March 18, 2020. *Id.* at 18-20. So General Electric Company had a copy of the complaint and summons on March 18.

**C. Haier:** General Electric Company, however, does not sell GE microwaves because General Electric Company sold all assets and liabilities of its subsidiary, GE Appliances, to Haier Qingdao Co., Ltd. in June 2016. Doc. 8-1 at 2. As part of the deal, Haier was given the right to use the "GE" and "GE Appliances" brand names— meaning that "GE Appliances" is a trade name used by Haier, not a distinct company. The defendant here, Haier US Appliance Solutions ("Haier"), is a Haier Qingdao subsidiary "incorporated under the laws of the state of Delaware with its principal place of business in Louisville, Kentucky." Doc. 1-3 at 2.

**D. Haier's Answer**: The day after CT Corporation accepted service for General Electric Company (*i.e.*, March 19), an agent of General Electric Company's insurance carrier emailed Haier's third-party claims administrator, Sedgwick Claims Management, about the complaint.[1] Doc. 8-1 at 3. Later that day, a Sedgwick claims

---

[1] Patterson disputes this fact, which Haier's general counsel declared under penalty of perjury. Patterson contends (without evidence) that Haier got the complaint from CT Corporation, who happens to be the registered agent for both General Electric Company and Haier—and many other businesses nationwide. Doc. 9 at 5-6. The court has reviewed both parties' submissions and finds that Haier has met its burden of proving this fact.

examiner emailed Patterson's attorney and asked for 30 more days to respond to the complaint. Doc. 7-1 at 7. Patterson's attorney agreed. *Id.* at 6.

An attorney for Haier answered the initial complaint on May 18, 2020. Doc. 1-1 at 21. While Haier kept "General Electric Company" as the defendant in the caption, Haier called itself the defendant in the body, saying that it had been "incorrect[ly] named General Electric Company" in the March 12 complaint. *Id.*

**E. The Amended Complaint**: So Patterson amended his complaint on June 12 to, in his words, "correct[] the name of the defendant originally styled as 'General Electric Company' so its correct name will be stated as 'Haier US Appliance Solutions, Inc. d/b/a GE Appliances." Doc. 1-1 at 42. Patterson also changed the caption to say that Haier, not General Electric Company, was the defendant. *Id.* Patterson made no other changes, meaning that he carried over the original allegation that Haier—who Patterson kept calling "GE"—was incorporated in New York and principally conducts business in Delaware.

A copy of the Amended Complaint was electronically served on Haier's counsel the same day (June 12). Doc. 8 at 2. Haier answered the Amended Complaint 10 days later (June 22), again calling itself the defendant and adding itself to the caption as defendant. Doc. 1-1 at 56. So, for the moment, it seemed this case would remain in state court.

**F. Removal**: But Haier then added new counsel (doc. 1-1 at 75, 78), who filed a Notice of Removal in this federal court on July 10—*i.e.* 28 days after Patterson amended his complaint. Doc. 1. Haier alleged diversity jurisdiction under 28 U.S.C. § 1332, which Patterson does not dispute and the court accepts.

In its Notice, Haier asserted that "Haier has no affiliation with GE" and that Haier and GE are incorporated in different States and have principal places of business in different States. Doc. 1 at 2. Haier also asserted that "General Electronic Company" was the "party-defendant" in Patterson's original complaint and that Patterson's amended complaint "remov[ed] GE as a party-defendant and nam[ed] Haier as Defendant." *Id.* at 2-3. So, according to Haier, its June 12th receipt of the amended complaint naming it the defendant "was the first service of any pleadings in this matter upon Haier." *id.* at 3, and Haier filed the Notice of Removal within 30 days of that service "upon the last-served Defendant, which is within the time allowed by 28 U.S.C. § 1446(b)." *Id.*

Patterson disagreed. He argues that Haier has been the defendant from the beginning; Patterson simply misnamed Haier as General Electric Company. Doc. 7. As support, Patterson points to Haier's May 18 state-court answer, in which Haier's original counsel said that the defendant was "Haier US Appliance Solutions, Inc. d/b/a GE Appliances, incorrect[ly] named as General Electric Company." *Id*. at 3.

Assuming that Haier was the original (misnamed) defendant, Patterson argues that "the law required Haier to remove this action, at the latest, by April 18, 2020, which is the thirtieth day after Reynolds [the Sedgwick claims examiner] received the complaint." *Id.* at 17.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). For removal to be proper, this court must have subject matter jurisdiction over the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 286, 392 (1987). Any doubts regarding removal should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

## ANALYSIS

The lone question is whether Haier timely filed its notice of removal. Title 28, Section 1446(b)(1) limits the time to file the notice:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days

after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Section 1446(b)(1) uses the dispositive "or," meaning that it covers two scenarios: (1) local rules require someone send the complaint to the defendant or (2) local rules do not require someone send the complaint to the defendant, only a summons that puts the defendant on notice that the complaint was filed. Because Rule 4 of Alabama's Rules of Civil Procedure require that "a summons must be served with a copy of the complaint," the first half of §1446(b)(1) governs this case:

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]

28 U.S.C. § 1446(b).

Haier argues that §1446(b)'s 30-day window has yet to open because no one has served Haier with a summons or other formal process. In the alternative, Haier argues that the window opened—at the earliest—when it received an electronic copy of Patterson's amended complaint on June 12, 2020. If Haier is right that the 30-day clock did not start before June 12, then the court must deny Patterson's motion because Haier filed its Notice of Removal on July 10. So the question is whether an event before June 12 triggered §1446(b). Patterson has identified three such events (although he only explicitly argues the first two).

7

### A. March 18: Service of Process on CT Corporation

The earliest trigger date is March 18, 2020, when an agent for CT Corporation received the initial complaint and summons and signed the return card. But the court rejects March 18 as a trigger date on factual grounds.

The circuit clerk mailed the summons and complaint to "General Electric Company," not Haier. As Patterson admits, "CT is a big, nationwide company." Doc. 9 at 7. That General Electric and Haier both use CT Corporation as their registered agent—as do many other companies—does not prove that CT Corporation gave the summons to Haier, rather than General Electric. To the contrary, Haier has submitted a sworn declaration that CT Corporation did not give Haier a copy of the notice, summons, or complaint, and Patterson has not submitted evidence that suggests otherwise. The court thus finds that Haier did not receive the summons or complaint on March 18, 2020, so §1446(b) was not triggered on that date.

### B. March 19: Email to Sedgwick Claims Management

Patterson argues that the latest trigger date is March 19, 2020, when General Electric's insurance carrier emailed Haier's third-party claims manager, Sedgwick Claims Management, about the complaint. Haier admits that a Sedgwick examiner got the email on March 19, and knowledge about the complaint obviously made its way from Sedgwick to Haier because Haier answered the complaint on May 18. So

the court finds that, as a matter of fact, Haier became aware about the lawsuit and its potential liability to Patterson sometime between March 19 and May 18, 2020. But the court rejects March 19, 2020, as the trigger date under §1446(b) for two reasons.

### 1.  Haier was not "the defendant" until June 12, 2020.

Haier acted like the defendant—and even called itself the defendant—before Patterson amended his complaint on June 12. But under Alabama law, Haier was not *actually* the defendant until June 12. And that matters.

1.  "The district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Title 28, Section 1441(a) is the statutory basis to hear state-law cases that were filed in state court but could have been filed in federal court under diversity jurisdiction (28 U.S.C. §1332). And §1441(a) only allows "the defendant or the defendants" to the "civil action" to remove the case to this court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, ***may be removed by the defendant or the defendants***, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1441(a) (emphasis added).

The Supreme Court reads the "defendant" limitation strictly. In *Home Depot*, for example, the Court held that a counterclaim defendant—*i.e.,* a third party sued

9

by the original defendant—cannot remove a case under §1441(a) because the statute defines "the defendant" by reference to the plaintiff's original complaint, not the defendant's counterclaim. 139 S. Ct. at 1748. This reading of §1441 overruled 40 years of circuit precedent that expanded the scope of "the defendant" beyond the defendant named in the original complaint. *See Bowling v. U.S. Bank Nat'l Assoc.*, 963 F.3d 1030 (11th Cir. 2020) (discussing the effect of *Home Depot*).

This court must read § 1441(a) as the Supreme Court does, which in this case means that the court must determine when Haier became "the defendant" to the "civil action" that Patterson filed in state court. If Haier was not "the defendant" when Sedgwick received an email about the complaint on March 19, then Haier did not have the statutory authority to file a Notice of Removal under §1441(a) and thus Haier's 30-day clock could not have started under §1446(b).

2.  Rule 10(a) of the Alabama Rules of Civil Procedure requires that "[i]n the complaint the title of the action shall include the names of all the parties." The Alabama Supreme Court has held that, under Rule 10(a), "it is the title of the Complaint and not the body that establishes the parties who are before the court as litigants." *Cofield v. McDonald's Corp.*, 514 So.2d 953, 954 (Ala. 1987).

*Cofield* is a good example of how Alabama courts read Rule 10(a). Pro se Plaintiff Cofield listed only "McDonald's Corporation" in the complaint's caption.

*Id.* at 953. Cofield later moved to dismiss McDonald's Corporation, "asserting that he had sued the wrong party," and he requested 10 days to add the "proper defendants" McDonald's CLP Corporation and McDonald's Restaurant of Bessemer, Alabama. *Id.* The trial court granted the motion to dismiss McDonald's Corporation. After a hearing, the court then dismissed the case because "no cause of action existed against those entities other than McDonald's." *Id.*

The Alabama Supreme Court affirmed. The court noted that "[a]lthough Cofield probably intended an action against McDonald's CLP Corporation and McDonald's Restaurant of Bessemer, Alabama, he did not properly identify them in his complaint." *Id.* at 954. The court reminded parties that "in order to properly sue an intended defendant, the plaintiff is required to properly name the defendant." *Id.* And "it is the title of the Complaint and not the body that establishes the parties who are before the court." *Id.*

Like Cofield, Patterson surely *intended* to sue the correct party in his initial complaint. But he *actually* sued "General Electric Company," the only defendant named in the title of the initial complaint (or its body). Under Alabama law, that's what matters. Haier did not become the defendant under Alabama law—and thus the defendant under the federal removal statutes—until June 12, 2020, when Patterson

amended his complaint to replace General Electric Company with Haier in the title and body of the complaint.

3. Patterson argues that "General Electric Company" is merely a misnomer for Haier. So, Patterson argues, Haier has been the named defendant all along, and the June 12 amendment was just a correction of the name—not a substitution of distinct entities.

But the parties' submissions show that Haier and General Electric Company are distinct entities with distinct corporate structures located in different States. General Electric Company sold its "GE Appliances" division to Haier's corporate parent in 2016 and has had no control over GE Appliances since. That's why Haier was substituted for General Electric Company as the proper party in other federal cases shortly after the sale. *See, e.g.*, *In re Refrigerant Compressors Antitrust Litigation (MDL 2042)*, 2017 WL 11572333 at *2 (E.D. Mich. Feb. 16, 2017) (discussing the MDL court's "Consent Order Substituting Haier US Appliance Solutions, Inc. for Plaintiff General Electric Co."). In fact, the website that Patterson point the court to calls GE Appliances "a Haier Company," not a "General Electric Company." It's even in the logo:



www.geappliancesco.com/company-overview/.

Based on these facts, the court finds that "General Electric Company" was not a misnomer for Haier in Patterson's initial complaint. Instead, General Electric Company is a distinct entity that sold all of its assets and liabilities to Haier's corporate parent in 2016. So Patterson's substitution of the party defendant in the June 12, 2020 amended complaint was necessary to make Haier "the defendant" under Alabama law and the federal removal statutes.

4.   Patterson will likely call foul, maybe even shenanigans. He has a point. Haier filed an answer calling itself the defendant on May 18—nearly a month before the June 12 amendment. But Haier could not unilaterally make itself the defendant; either Patterson had to amend the complaint or Haier had to get a court order that added Haier as a party.[2] *See Cofield, supra.*

If Patterson wanted the removal clock to start running against Haier on March 19, he could have promptly amended his complaint after being told that Haier was the proper defendant, rather than waiting until mid-June. Alabama courts freely allow amendments to substitute the proper defendant. *See, e.g.*, *Ex parte Maxwell*,

---

[2] Requiring substitution by the plaintiff or the trial court protects the plaintiff. The Fifth Circuit recently remanded a case in which a diverse party not named in the state court complaint nonetheless called itself the defendant, answered the complaint, then removed the case to federal court against the plaintiff's will. *See Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593 (5th Cir. 2020). Reading §1441 and §1446 the same way this court does, the Fifth Circuit held that "[t]he law is clear that a case filed in state court may be removed to federal court only by 'the defendant or the defendants.' 28 U.S.C. § 1441(a). *A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case*." *Id.* (emphasis added).

812 So.2d 333 (Ala. 2001) (affirming the trial court's decision to grant a motion to amend the complaint to add a defendant to the caption after the defendant moved for dismissal because the plaintiff omitted her from the title of the complaint).

And if Patterson thought Haier's state-court actions were unfair, he could have argued that Haier waived removal under the "litigating on the merits" doctrine. *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246-47 (11th Cir. 2004). But he did not raise that argument, so it is waived, and the court will not ignore the text of the removal statutes or Supreme Court precedent as a back door to judging Haier's actions in state court—contradictory as they might be.

### 2.  Haier was not formally served before June 12, 2020.

Again, the first half of §1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]

28 U.S.C. §1446(b)(1). Setting aside whether Haier and its third-party claims administrator constitute "the defendant" under §1446(b), the court still must determine whether the March 19 email to Haier's claims administrator amounts to "receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" *Id.* Read plainly, it could. Haier "otherwise" received the complaint—*i.e.*, in some way other than service—when someone emailed Haier's claims

administrator about the complaint. But the Supreme Court rejected this reading of the phrase "through service or otherwise" in *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999).

*Murphy* is similar to this case: it happened in Alabama, and it involved a faxed copy of the complaint (rather than an email). Michetti did not formally serve Murphy with the complaint and summons when Michetti filed the complaint. Instead, Michetti's counsel faxed a "courtesy copy" of the complaint to Murphy's vice president three days after filing the complaint. The parties then engaged in settlement discussions. After about two weeks, Michetti formally served Murphy.

Murphy filed its notice of removal 30 days after being formally served, which was 44 days after Murphy received a faxed copy of the complaint. Michetti moved to remand for failure to file the notice within 30 days of receiving the complaint. The district court denied the motion, holding that the 30-day removal period did not start until Murphy was served with the summons. The Eleventh Circuit reversed, finding that the faxed copy amounted to receipt "through service or otherwise."

The Supreme Court agreed with the district court. The Court wrote that:

> We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through

> service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

526 U.S. at 347-48. The Court then noted that "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* at 350. In short, *Murphy* holds that §1446(b)(1)'s 30-day clock does not begin to run until there is formal service of the summons or waiver of formal service.

The court finds that Haier was not formally served on March 19 or any other date before June 12. The state court clerk sent the summons and initial complaint to General Electric Company, not Haier. Doc 1-1 at 7 (Pattersons' request for service); at 18-20 (Summons and signed receipt of service). Haier did not get a copy that day. Doc. 8-1 at 4 (Brown declaration). While Haier's third-party claims examiner received an email about the complaint, no evidence shows that the examiner or anyone affiliated with Haier was served a copy of the summons. To the contrary, Haier has submitted an unrebutted, sworn declaration that it never received a summons. Doc. 8-1 at 4. If sending the named defendant a faxed copy of the complaint was insufficient to start the clock in *Murphy,* then emailing a nonparty's claims administrator is likewise insufficient here.

### C. May 18: Haier answers the initial complaint

While Patterson's primary argument is that the 30-day clock started no later than March 19, he raises an argument that could make May 18 the start date. Again, *Murphy* says that service of the summons starts the 30-day removal clock "unless a named defendant agrees to waive service." 526 U.S. at 351. Patterson argues that Haier waived service under Rule 12(h)(1) of the Alabama Rules of Civil Procedure when Haier filed an answer on May 18, rather than a Rule 12(b) motion challenging the sufficiency of service. So, Patterson argues, even if the March 19 email did not start the 30-day clock, the filing of the May 18 answer did.

But the court rejects May 18 as the trigger date for two reasons. First, *Murphy* says that the "named defendant" can waive service and start the 30-day clock. *Id.* As discussed, Haier was not the "named defendant" until June 12, so the state court had no power over Haier, *see id.* ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."), and Haier could not file a Notice of Removal under §1441(a). *See Home Depot, supra.*

Second, the Alabama rules say that a "defense of … insufficiency of process or insufficiency of service of process is waived … if it is neither made by motion under this rule ***nor included in a responsive pleading***[.]" Ala. R. Civ. P. 12(h)(1)(b)

(emphasis added). In its May 18 answer, Haier included the defenses that "service was improperly perfected" and "insufficient process." Doc. 1-1 at 26. Patterson argues that these brief objections cannot preserve the defenses by citing a Mississippi decision that says, "[o]bjections to the sufficiency of process must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized." *Thornton v. Freeman*, 242 So.3d 188, 190 (Miss. App. 2018). But Mississippi law is not Alabama law.

Neither party cites an Alabama case on point, and the most relevant Alabama case that the court could find is *Ex Parte Movie Gallery, Inc*. 31 So.3d 104 (Ala. 2009), which involved the preservation of a challenge to venue, not process or service of process. Defendant Movie Gallery briefly stated in its answer that "[Movie Gallery] plead[s] improper venue." *Id.* at 107. Two months later, Movie Gallery filed a Rule 12(b)(3) motion challenging venue. After the trial court denied Movie Gallery's motion, the Alabama Supreme Court granted a writ of mandamus. Relevant here, the state supreme court held that "the assertion of the Rule 12(b)(3) affirmative defense of improper venue in Movie Gallery's answer was sufficiently clear to raise that defense." *Id.* at 110. Given *Movie Gallery*, this court finds that Haier's brief pleading of Rule 12(b)(4) and 12(b)(5) defenses in the May 18 answer was enough to avoid waiver under Alabama's Rule 12(h)(1).

### D. June 12: Patterson amends his complaint

As detailed above, the court finds that Haier's 30-day window to file a notice of removal under §1441(a) and §1446(b) could not have opened before June 12, 2020, in part, because that is the date that Haier became "the defendant" and thus §§1441(a) and 1446(b) applied to Haier. *See Home Depot, supra*. While the Eleventh Circuit has yet to do so, the court notes that this outcome is in line with other circuits that have adopted the rule that "the addition of a new defendant 'opens a new window of removal' under 1446(b)" and "as to the new defendant, removability is determined as of the date of receipt of service of the amended complaint, not as of the date on which the original suit was filed in state court." *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 805 (5th Cir. 2006) (quoting *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805 (7th Cir. 2005)). This "new window" rule eliminates the problem of running the clock before a party becomes the defendant and thus before he can file a notice of removal under §1441(a).

The court does not decide whether electronic service of the June 12 amended complaint, without a summons, triggered Haier's 30-day clock under §1446(b) and *Murphy* because the court would deny Patterson's motion either way. So that analysis would be dicta.

\* \* \*

This case could allow the Circuit Court to determine whether it agrees with other circuits that "the addition of a new defendant 'opens a new window of removal' under 1446(b)." *Braud*, 445 F.3d at 805. So this court will issue an order that allows the issue to be taken on interlocutory appeal. *See* 28 U.S.C. § 1292(b).

But it's not the cleanest vehicle to answer the question thanks to Haier's participation in the state court proceedings before Patterson made Haier a party. As explained, the court finds that Haier's state-court actions cannot change the plain text of the removal statutes and the Supreme Court's decisions in *Home Depot* and *Murphy*. Instead, the proper challenge to Haier's state-court actions was to argue waiver under the "litigating on the merits" doctrine. *See Yusefzadeh*, 365 F.3d at 1246-47. But Patterson did not make that argument, so it is not before the court.

## CONCLUSION

For the reasons stated above, the court will **DENY** Patterson's motion for remand (doc. 7). The court will enter a separate order carrying out this conclusion and certifying this case for possible interlocutory review under 28 U.S.C. § 1292(b).

**DONE** on January 6, 2021.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

20